This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Glenda S. Alfano has appealed from a judgment order of conviction and sentence entered in the Medina County Court of Common Pleas for six counts of burglary and two counts of attempted burglary. This Court affirms.
 I
{¶ 2} In May 2002, Appellant entered a plea of guilty to five counts of burglary, in violation of R.C. 2911.12(A)(3); one count of burglary, in violation of R.C. 2911.12(A)(2); one count of attempted burglary, in violation of R.C. 2911.12(A)(2) and R.C. 2923.02(A); and one count of attempted burglary, in violation of R.C. 2911.12(A)(3) and R.C.2923.02(A). After accepting Appellant's plea, the trial court referred the case to the Medina County Adult Probation Department for a pre-sentence investigation.
{¶ 3} In July 2002, the court conducted Appellant's sentencing hearing. The court sentenced Appellant to a prison term of three years on each count of burglary and one of the counts of attempted burglary, to be served concurrently. The court also sentenced Appellant to a prison term of one year on the remaining count of attempted burglary, to be served consecutively to the concurrent three-year terms on the other seven counts. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
{¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING [APPELLANT] TO A PRISON TERM OF THREE YEARS ON COUNTS I, III, IV, V, VI, VII, AND IX TO RUN CONCURRENT AND ONE YEAR FOR COUNT VIII, TO RUN CONSECUTIVE."
{¶ 5} In her sole assignment of error, Appellant has argued that the trial court erred in sentencing her to concurrent prison terms of three years each on seven counts of the indictment, and a consecutive term of one year on the remaining count. Appellant has contended that the court should have imposed the shortest prison term authorized for each offense, and should have ordered all prison terms to be served concurrently.
{¶ 6} An appellate court may remand a matter on appeal for resentencing if it clearly and convincingly finds that the court's findings are unsupported by the record or that the sentence imposed by the trial court is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is evidence "`which will produce *** a firm belief or conviction as to the allegations sought to be established.'"State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Crossv. Ledford (1954), 161 Ohio St. 469, 477.
{¶ 7} Appellant has first argued that the trial court failed to consider the factors set forth at R.C. 2929.12(E) regarding the likelihood that Appellant would not commit future crimes. R.C. 2929.12(A) provides that, in exercising its discretion during sentencing, the trial court "shall consider *** the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(E), in turn, provides:
{¶ 8} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
{¶ 9} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
{¶ 10} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
{¶ 11} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
{¶ 12} "(4) The offense was committed under circumstances not likely to recur.
{¶ 13} "(5) The offender shows genuine remorse for the offense."
{¶ 14} While R.C. 2929.12(A) requires the trial court to consider the factors outlined in R.C. 2929.12(E), "[t]he Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett
(2000), 88 Ohio St.3d 208, 215. In Arnett, the Ohio Supreme Court further explained that "the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable *** factor[s.]" Id.
{¶ 15} In the case sub judice, the trial court stated in its sentencing entry:
{¶ 16} "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under [R.C. 2929.11], and hasbalanced the seriousness and recidivism factors [under] [R.C. 2929.12]." (Emphasis added.) Accordingly, the record demonstrates that the trial court properly considered the relevant seriousness and recidivism factors set forth at R.C. 2929.12(E).
{¶ 17} Appellant has next asserted that the trial court erred in failing to impose the shortest prison terms authorized for the offenses of which she was found guilty. Appellant was convicted of five counts of burglary, all felonies of the third degree; one count of burglary, a felony of the second degree; and two counts of attempted burglary, one a felony of the third degree and one a felony of the fourth degree. Appellant has argued that the trial court should have imposed the minimum authorized prison terms on all counts, and ordered all sentences to be served concurrently to the shortest authorized prison term for the second degree felony.
{¶ 18} R.C. 2929.14(A) sets forth the basic prison terms for various felony offenses. Pursuant to R.C. 2929.14(A):
{¶ 19} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender *** and is not prohibited *** from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
{¶ 20} " ***
{¶ 21} "(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
{¶ 22} "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
{¶ 23} "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
{¶ 24} The version of R.C. 2929.14(B) in effect at the time of Appellant's sentencing requires that, subject to certain exceptions not applicable to the instant case:
{¶ 25} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
{¶ 26} " ***
{¶ 27} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 28} Rather than imposing the shortest prison terms authorized by R.C. 2929.14(A), which R.C. 2929.14(A)(2) provides is two years for a second degree felony, the trial court imposed concurrent terms of three years for Appellant's second degree felony conviction and each of Appellant's third degree felony convictions. The trial court likewise imposed more than the minimum sentences for Appellant's single fourth degree felony conviction. In its sentencing entry, however, the court stated: "The Court finds that pursuant to [R.C. 2929.14(B)] that the shortest prison term will demean the seriousness of [Appellant's] conduct; and the shortest prison term will not adequately protect the public from future crime by [Appellant] or others." In addition, the transcript of the sentencing hearing reflects that the trial court stated on the record at the hearing:
{¶ 29} "I didn't order the shortest term of imprisonment. The shortest term of imprisonment is to be imposed if you have not been sent to prison before and you haven't. However, in making a specific finding that because of the nature of these crimes and really the effect on this neighborhood and this community, that the law which requires me to give you the shortest term of imprisonment, it would be wrong to do so plus I think it would demean the seriousness of the offense and doesn't adequately protect the public."
{¶ 30} Consequently, the record shows that the trial court made the requisite findings for imposition of prison terms that exceeds the minimums both in its journal entry of sentence and on the record at Appellant's sentencing hearing. "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus. Having complied with the statutory requirements of R.C. 2929.14(B), the trial court did not err in imposing prison terms that exceeded the minimum terms authorized by R.C.2929.14(A).
{¶ 31} Finally, Appellant has contended that the trial court erred in ordering her to serve her one-year sentence for attempted burglary consecutively with her prison terms on the remaining counts. R.C.2929.14(E)(4) outlines the conditions under which a trial court may impose consecutive sentences. Specifically, R.C. 2929.14(E)(4) provides:
{¶ 32} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"
{¶ 33} R.C. 2929.14(E)(4) also requires a court imposing consecutive sentences to make a finding of at least one of the factors set forth at R.C. 2929.14(E)(4), which include:
{¶ 34} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 35} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 36} In addition, R.C. 2929.19(B)(2)(c) requires the trial court to give its reasons for imposing consecutive sentences pursuant to R.C.2929.14. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 2. In Riggs this Court concluded that Edmonson, supra, requires a court to use some language that is close, if not identical, to the statutory criteria when articulating its findings. Riggs, supra at 3.
{¶ 37} In the case at bar, the court stated in its sentencing entry:
{¶ 38} "Pursuant to [R.C. 2929.14(E)], the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish [Appellant] and not disproportionate to the seriousness of [Appellant's] conduct and the danger [Appellant] poses to the public.
{¶ 39} "The Court also finds that the harm caused by [Appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [Appellant's] conduct."
{¶ 40} The transcript shows that the trial court also stated its findings on the record at the sentencing hearing:
{¶ 41} "With regards to the consecutive term, that one year that I am going to give you consecutively to this, I am going to make a determination that with regard to that, on the consecutive term, that the harm that was done in this situation was so great or unusual that a single term wouldn't adequately reflect the seriousness of the conduct and that it's necessary to protect the public and punish the offender and is not disproportionate to your conduct to do that."
{¶ 42} As both the journal entry of sentence and the transcript of the sentencing hearing make clear, the trial court complied with the requirements of R.C. 2929.14(E)(4) in stating on the record the findings necessary to impose consecutive sentences. With respect to its reasons for imposing consecutive sentences, the trial court's sentencing entry indicates that those reasons are "stated on the record." Immediately before it announced Appellant's sentence at the hearing, the court addressed Appellant:
{¶ 43} "[I]n your own neighborhood, there were a number of homes that were broken into. These were breaking into homes occurred relatively violently, that is to say with breaking of glass and entering the home and cutting of the screens[.] *** Apparently you have a drug problem is the reason that you were entering some of these homes was to steal narcotics from these homes, folks that you knew had them, folks that you maybe didn't know whether they had them or not.
{¶ 44} "The problem is that to them, it almost doesn't make any difference because it's their home. And to this neighborhood, it doesn't make any [difference] because no matter what you were looking for, it doesn't make them safe anymore. And so when you weigh and balance all those things, you have to figure out what you are going to do."
{¶ 45} Thus, the court stated on the record its reasons for imposing consecutive sentences as mandated by R.C. 2929.19(B)(2)(c).
{¶ 46} After thoroughly reviewing the record, we conclude that Appellant has failed to demonstrate by clear and convincing evidence that the trial court acted contrary to law in imposing sentences that included more than the minimum prison terms, and in ordering consecutive service of certain of those terms. Appellant's assignment of error must fail.
 III
{¶ 47} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.